UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                          CASE NO. 15-15051-RAM

QUINTIN LARIOS and                                              Chapter 7
MARIA LARIOS,

     Debtors.
_____/                     **SUBPOENA FOR RULE 2004**
                                                     **EXAMINATION *DUCES TECUM***

To:    **JORGE LARIOS**
        **9410 W. Flagler Street, Apt 402**
        **Miami, FL 33174**

        **Or**

        **1815 NW 32 Avenue**
        **Miami, Florida 33125**

[ ]    YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[X]    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Genovese Joblove & Battista, P.A.<br>c/o Carlos E. Sardi, Esq.<br>Genovese Joblove & Battista, P.A.<br>100 SE 2nd Street, Suite 4400<br>Miami, FL 33131 | May 28, 2015 at 10:00 a.m. |

[X]    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
        **SEE ATTACHED EXHIBIT "A"**

| PLACE | DATE AND TIME |
|---|---|
| Genovese Joblove & Battista, P.A.<br>c/o Carlos E. Sardi, Esq.<br>Genovese Joblove & Battista, P.A.<br>100 SE 2nd Street, Suite 4400<br>Miami, FL 33131<br>Email: csardi@gjb-law.com | May 18, 2015 |

| | |
|---|---|
| [ ]   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. | |
| PREMISES | DATE AND TIME |

| | |
|---|---|
| ISSUING OFFICER SIGNATURE <br> *[signature]* FBN 781401 | TITLE <br> Attorneys for Trustee |
| ISSUING OFFICER=S NAME (PRINT) <br> Carlos E. Sardi, Esq. | PHONE <br> 305-349-2300 |
| ADDRESS <br> Genovese Joblove & Battista, P.A. <br> 100 SE 2nd Street, Suite 4400 <br> Miami, FL 33131 | DATE <br> April 27, 2015. |

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 4/27/2015 | 735 Calatrava Avenue, Miami, FL 33143 |
| SERVED ON (PRINT NAME) <br> Jorge Larios | MANNER OF SERVICE <br> personal service | |
| SERVED BY (PRINT NAME) <br> Ivan Lopez/Lightning | TITLE | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE    SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c) (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney=s fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

2

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises - or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

    (i) fails to allow reasonable time for compliance;

    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

    (iv) subjects a person to undue burden.

(B) If a subpoena

    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

    (ii) requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or

    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE "A"

I.  Instructions

    A.    This document request is continuing in nature and when new knowledge or information comes to the attention of the deponent the information supplied in the answers to the document request shall be supplemented forthwith.

    B.    For each and every Request herein, you shall produce documents in your possession, custody, or control, which shall include but be limited to, documents, objects or articles described that are in your possession or that you have the right to secure the original or a copy from another person or entity. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible. Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives. All documents produced pursuant to this request are to be produced as they are kept in the usual course of business, and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof. If copies or drafts exist of a document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original document or from any copy or draft.

    C.    If you at any time had possession, custody, or control of any document requested herein, and such document has been lost, destroyed, discarded, or is not presently in your possession, these documents shall be identified as completely as possible, including:

            1.    The names of the authors of the document;
            2.    The names of the persons to whom the documents or copies were sent;
            3.    The date of the document;
            4.    The date on which the document was received by each addressee, copyee or its recipients;
            5.    A description of the nature and subject matter of the document that is as complete as possible;
            6.    The date on which the document was lost, discarded or destroyed; and
            7.    The manner in which the document was lost, discarded or destroyed.

    D.    With respect to any document that deponent withholds under claim of privilege, the deponent shall number such documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege. In addition, the deponent shall provide a statement, signed by an attorney representing the deponent, setting forth as to each such document:

            1.    The names of the senders or the document;
            2.    The names of the authors of the document;
            3.    The names of the persons to whom the document or copies were sent;
            4.    The job title of every person named in subparagraphs 1, 2 and 3 above;

4

    5.    The date of the document;
    6.    The date on which the document was received by each addressee, copyee or its recipient;
    7.    A brief description of the nature and subject matter of the document; and
    8.    The statute, rule or decision which is claimed to give rise to the privilege.

E.    If you cannot, after exercising due diligence to secure or produce the document(s) requested, you must identify which Request(s) that you do not have any responsive documents for, and answer the request for production to the fullest extent possible, specifying your inability to produce the document(s), providing the identity of the person who has possession, custody, or control of the requested document(s).

F.    All words in this request for production shall have their plain and ordinary meanings unless specifically defined herein below in Part II of this Request.

G.    Copies of documents which are identical duplicates of other documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the document to individuals or organizations.

H.    The singular and plural forms shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as outside their scope.

I.    "And" and "or" shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as outside their scope.

J.    "Any" and "all" shall be construed to bring within the scope of this request any information which might be construed to relate to the subject matter of the request.

K.    The use of the singular form of any word includes the plural and vice versa.

L.    All other names or terms herein not specifically defined or identified shall have the same meaning as is commonly understood and referred to by and among the parties.

M.    Unless otherwise indicated, the time period for this request is January 1, 2011 to the present.

II.    <u>Definitions</u>

For purposes of this subpoena, the following definitions shall apply:

A.    The term "Debtor" or "Debtors" shall interchangeably or collectively mean the debtors, Quintin Larios and Maria T. Larios, and all of their authorized

5

employees, agents, or others purporting to act on their behalf.

B. "Documents" and/or "records" shall mean, without limiting the generality of this meaning, any writings, papers or tangible things in the possession, custody or control of the Deponent, whether maintained in hard copy documents or electronically, including, letters, e-mails, computer files, handwritten notes, calendar pads, appointment books, note pads, notebooks, correspondence of any kind, postcards, memoranda, telegrams, telexes, annual or other reports, financial statements, books, records, ledgers, journals, minutes of all meetings, contracts, agreements, drafts of contracts or agreements, appraisals, analyses, charts, graphs, data sheets, data tapes, computer disks, computer hard drives or readable computer produced interpretations thereof, stenographic notes, tape and disk recordings, tapes, photostats, recordings, photographs, drawings, illustrations, plans and personal interviews, wherever located, whether located original or duplicate, and all compilations of the foregoing including binders, notebooks, folders and files. All categories of documents described above shall include with respect thereto all communications, whether or not expressly stated. If a document has been prepared in several copies, or additional copies have been made and the copies are not identical (or by reason of subsequent modifications of the copy by addition or notations, or other modifications, are no longer identical), each non-identical copy shall be deemed to be a separate document for purposes of these discovery request.

C. "Possession, custody, or control" as used herein shall have the same meaning as in Rule 34(a) of the Federal Rules of Civil Procedure.

D. "Communications" means any electronic, oral, magnetic, or written transmittal or transfer of data, facts, ideas, information, inquiries, or thought.

E. "Correspondence" means any letter, note, memorandum, report, notice, facsimile transmission, e-mail transmission, and any documents (as defined in paragraph 1 above) that were sent or received from one or more persons to one or more persons, regardless of authorship or origin, including that which was directed as a copy, blind copy, forwarded copy, or sent or received mistakenly.

F. The terms "person", "individual", "entity", and "entities" are used interchangeably and shall be deemed to include the plural and vice versa. Each of these terms shall mean, but are not limited to: (i) any association, or business, legal, or governmental entity, including all corporations, partnerships, associations, joint ventures, trust, firms, or other business enterprise or legal entity, unless otherwise stated; or (ii) surety ship; institution; or government or government agency or political subdivision be it foreign or domestic; or (iii) board, committee, group, or organization comprised of any of the foregoing or combination thereof; whether they be now or previously existing.

G. "Support", "evidence", "relate to", "relating to", "related to", "referred to", "concerning", "pertaining to" and "regarding" shall mean anything which directly, or indirectly, concerns, consists of, pertains to , reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in

6

any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

H. The words "concerning," "concerns," or any other derivative thereof, as used herein includes referring to, responding to, relating to, pertaining to, connected with, comprising, memorializing, commenting on, regarding, discussing, showing, describing, reflecting, analyzing and constituting.

I. The term "Petition Date" shall mean the date the Debtors filed their voluntary petition for relief under Chapter 7 of the Bankruptcy Code, or, March 20, 2015.

III. <u>Documents Requested</u>

1. All documents reflecting your legal or equitable ownership interest in the real property located at <u>5 Tranquility Lane, Piney Creek, Alleghany County, North Carolina 28663</u>, including, but not limited to any deeds, buy/sell agreements, closing documents, mortgage, satisfaction of mortgage, appraisals, and documents establishing the consideration paid and other similar documents.

2. Produce the following documents for (1) Larios Corporation; (2) Sunset Larios, LLC.; (3) Quinton Corporation; and (4) Larios Restaurant Management, Inc., since the date of their incorporation to the date of this request:

   a. All (i) ledgers; (ii) journals; (iii) books of accounts; and (iv) reports, reconciliations and itemizations of sales, revenues, expenses, disbursements, income, depreciation, profits, and balance sheet. Include internal memoranda and worksheets, and any documents sent to or received from outside bookkeepers and accountants.

   b. All corporate organizational documents, articles, by-laws, operating agreements, amendments, meeting minutes, resolutions, stock or membership transfer record, stock or membership ledger, stock or membership interest certificates, voting trusts, shareholder agreements, and other documents, memoranda and correspondence relating to the same.

   c. Copies of any proofs of claim to insurance companies, and police reports, for any loss of or damage to property.

   d. All financial statements and loan applications prepared, including credit card applications, credit line applications and mortgage applications.

   e. All ledgers, journals and other books of account maintained at any time, which reflects its assets, debts, income, expenditures, profits, losses or changes in financial condition.

   f. Complete federal income tax returns, including all schedules, and state tax returns or bills.

   g. Any commercial personal property tax returns or bills.

7

h. All deeds and other documents reflecting its ownership or leasehold interest in homes, apartment buildings, condominiums, cooperatives, unimproved real estate (including vacant land and farm land), chattel mortgages, real estate mortgages, oil or gas wells, mineral rights and subsurface rights.

i. All documents reflecting its ownership interest in furniture, appliances, fixtures or equipment.

j. All documents reflecting its ownership of any inventory, raw materials, or work in process.

k. All documents reflecting its ownership interest in notes, stocks, bonds, defense bonds, mutual funds, treasury bills, corporate income funds, and other money market instruments.

l. All documents reflecting its ownership interest in any patents, copyrights, inventions, or other intellectual property, any interest in which you own or have owned, and all documents reflecting conveyances of them.

m. All documents reflecting its interest in mortgages, mechanic's liens, or other liens on the real or personal property of others.

n. All documents reflecting loans or other outstanding accounts which are now due and payable to it, or will become due to it in the future.

o. All documents reflecting any interest in any chose in action or intangible asset.

p. All deeds, certificates and other documents reflecting its ownership interest in any other property, tangible or intangible.

q. All documents reflecting the acquisition or disposition of any property, tangible or intangible, outside the ordinary course of business.

r. All legal pleadings, court papers, deposition testimony and exhibits from any lawsuit or other judicial or administrative proceeding involving a claim or counterclaim made by or against it, if the suit or administrative proceeding is still pending or has been concluded.

s. Any and all contract(s) or agreement(s) entered into by and between such entity and any party, including but not limited to, any drafts and executed copies of such contract(s) or agreement(s).

t. All account statements, canceled checks, checkbooks, stubs and registers, deposit slips, debit memos, wire transfer requests and advices, and passbooks, from any checking accounts, savings accounts, time deposits, money market accounts, and other investment accounts in its name, or into which it deposited funds, or over which you had signature authority.

u. All communications, including any e-mails, telephone notes,

8

        correspondence, reports and any other documents relating to Requests 2(a) through (t) above for each of business entities referenced above.

    v.    All communications, including any e-mails, telephone notes, correspondence, reports and any other documents relating to any of the above business entities.

3. All account statements, canceled checks, checkbooks, stubs and registers, deposit slips, debit memos, wire transfer requests and advices, and passbooks, from any checking accounts, savings accounts, time deposits, money market accounts, and other investment accounts you and any of the Debtors have or had at any time within four (4) years from the Petition Date to the date of this request.

4. All documentation regarding any transfers of any business interests the Debtors made to you within four (4) years from the Petition Date to the date of this request, along with the documents establishing the consideration for such transfers and the disposition of any monies received for such consideration.

5. All documents relating to any monies you owe to the Debtors.

6. Any and all contract(s) or agreement(s) entered into by and between you and one or both of the Debtors, including but not limited to, any drafts and executed copies of such contract(s) or agreement(s).

7. All communications, including any e-mails, telephone notes, correspondence, reports and any other documents referencing the Debtors' interest in the companies referenced in Request number 2 above within four (4) years from the Petition Date to the date of this request.

9

# RETURN OF SERVICE

## UNITED STATES DISTRICT COURT
## Southern District of Florida

Case Number: 15-150510-RAM

IN RE::
**QUINTIN LARIOS AND MARIA LARIOS**

For:
GENOVESE, JOBLOVE & BATTISTA, P.A.
100 S.E. 2nd Street, 44th Floor
Miami, FL 33131

Received by Lightning Legal Couriers on the 27th day of April, 2015 at 12:15 pm to be served on **JORGE LARIOS, 9410 W. FLAGLER STREET, APT. 402, MIAMI, FL 33174**.

I, Ivan Lopez, do hereby affirm that on the **27th day of April, 2015** at **7:25 pm, I**:

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Subpoena for Rule 2004 Examination Duces Tecum** with the date and hour of service endorsed thereon by me, to: **JORGE LARIOS** at the address of: **735 CALATRAVA AVENUE, MIAMI, FL 33143**, and informed said person of the contents therein, in compliance with state statutes.

Under Penalties of Perjury, I declare I have read the foregoing document and the facts stated in it are true. I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525(2)

Ivan Lopez
CPS#2309

**Lightning Legal Couriers**
**9280 SW 64 Street**
**Miami, FL 33173**
**(786) 286-4167**

Our Job Serial Number: LTN-2015000538

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.4s